

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

ZA:MPC

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 26, 2013

**TO BE FILED UNDER SEAL**

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
United States Courthouse
100 Federal Plaza
Central Islip, NY 11722

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT  E.D.N.Y.
✦ DEC 26 2013 ★
LONG ISLAND OFFICE

      Re:    United States v. 
               Criminal Docket No. 13-M-~~1113~~
                                   1117

Dear Judge Tomlinson:

        The government writes to inform the Court that the parties in the above-captioned case expect the defendant                           to appear before the Court today at 11:30 a.m. for presentment on a complaint charging him with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. A copy of the complaint is enclosed, which the government filed under seal for the reasons set forth herein.

        In addition, the government respectfully moves the Court to substitute the name "John Doe" for the defendant's name on the docket sheet, Court calendars and all documents not filed under seal. The government further requests that the Court order the Bureau of Prisons ("BOP") to list the defendant as "John Doe " in its inmate records, including its publicly available "inmate locator" website database. In connection with these motions, the government respectfully requests that the Court enter the enclosed proposed orders.

        Finally, the government requests that the Court release the defendant on bond subject to the conditions of home confinement with electronic monitoring and reporting to the Federal Bureau of Investigation ("FBI) case agents handling this matter as required, in order to mitigate the risk of the flight posed by the defendant and to allow his proactive cooperation in this matter.

I.  Background

As set forth in the enclosed complaint, following an extensive investigation the defendant was arrested on the morning of December 22, 2013 in Queens, New York for his involvement in conspiring to place unqualified individuals in computer programming positions with government contractors. Based on the defendant's statements, and other corroborating evidence obtained during the course of the investigation, the government discovered that the defendant was preparing to flee the jurisdiction as a result of the government's ongoing investigation.

Following the defendant's arrest, on December 22, 2013, the government requested the assistance of the defendant in investigating the charged wire fraud conspiracy and the defendant agreed to proactively cooperate with the government's investigation. Additionally, the defendant began assisting the government in an ongoing criminal investigation involving individuals associated with foreign terrorist organizations. Furthermore, since December 22, 2013, the defendant has agreed to waive his right to speedy arraignment.

While the defendant's arrest is known to one close associate of the defendant, and possibly others in the community, the specific facts underlying the charges against the defendant have not been disclosed to the public. Any public disclosure of those facts would undermine the significant potential value of his cooperation in the government's ongoing investigation. Specifically, revelation of the facts underlying the defendant's criminal case would likely result in changes of behavior by targets of the government's investigation, including the defendant's contacts and associates. These additional targets appear to be sophisticated individuals who would likely learn of public court filings or press reports regarding the defendant's prosecution. In addition, if the facts relating to the defendant's arrest were made public, targets of the investigation may destroy evidence that links them to the defendant, or attempt to intimidate witnesses who can corroborate the defendant's information. Any such action would substantially impair the government's ongoing investigation into the wire fraud conspiracy and the defendant's access to individuals who have ties to foreign terrorist organizations, which is a matter of national security.

For the same reasons, and as set forth in the attached application and proposed order, the government respectfully requests that the Court order the BOP to substitute the name "John Doe" for the defendant's name in its inmate records, some of which are publicly available through the BOP website.

II.  Analysis

Were the Court not to grant the instant motions, the defendant's cooperation would become readily apparent, and significant compelling interests would be prejudiced.

First, revealing the facts relating to the defendant's arrest, as well as his ongoing meetings with the government, would jeopardize an ongoing Grand Jury investigation. The Second Circuit has found that preserving the secrecy of an ongoing investigation is a compelling interest that courts should consider in deciding whether to seal

2

certain parts of a proceeding. See United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); United States v. Haller, 837 F.2d 84, 87 (2d Cir. 1988) (upholding sealing of plea agreement to protect investigation, in part because alerting 'potential targets of the investigation," could cause the witness "to be reluctant about testifying," and expose innocent subjects of the investigation to "public embarrassment"). Here, as noted above, revealing the facts of the defendant's case would likely lead other targets of the investigation to flee or destroy evidence.

In addition, revealing the facts relating to the defendant's arrest, and his ongoing meetings with government, could place the defendant and his family in danger, due to the extreme beliefs held by some of his associates and coconspirators. The Second Circuit has found that danger to persons or property is a compelling interest that may outweigh the public's qualified right to access court proceedings or documents. See United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); United States v. Haller, 837 F.2d 84, 87 (2d Cir. 1988). In the matter at hand, the government has identified other persons who subscribe to the view that violent "jihad" is obligatory, and who may seek to harm or intimidate the defendant or his family members upon learning of his current status in an ongoing national security investigation. See, United States v. Aref, 533 F.3d 72, 82-83 (2d Cir. 2008) (national security concerns may be compelling reason justifying sealing).

Finally, revealing the facts underlying the defendant's arrest would likely harm the ability of law enforcement to secure current and future cooperation from persons similarly situated to the defendant, a fact that also weighs against public disclosure. United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995).

In sum, in the instant case, the parties' compelling interests in protecting the integrity of an ongoing national security investigation and preserving the ability of the defendant to pursue cooperation, free from threats or intimidation, outweigh the public's qualified right to access the defendant's name. By authorizing the substitution of the name "John Doe" for the defendant's name on the docket sheet, the Court's calendar and public court documents, the Court can protect the parties interests in a "narrowly tailored" manner, Lugosch v. Pyramid Co., 435 F.3d 110, 120 (2d Cir. 2006), while "avoid[ing] sealing documents in their entirety unless necessary." United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008). The sealing can be further tailored by requiring the parties to move to substitute the defendant's true name for "John Doe" on the docket sheet and all documents not filed under seal when the parties' compelling interests no longer outweigh the public's qualified right to access. In addition, by substituting the name "John Doe" for the defendant's name in BOP records, other targets of the government's investigation are less likely to learn of his arrest.

III. Bail Recommendation

Additionally, the government respectfully requests that the defendant be released on a bond signed by the defendant with the following conditions: electronic monitoring with home confinement; and that the defendant report to the assigned case agent as directed. In light of the defendant's recent attempt to flee the United States to avoid prosecution, the government believes the defendant poses a risk of flight. However, due to his most recent cooperation and the fact that his continuous cooperation can only be

3

conducted if the defendant is not incarcerated, the government makes this request for his release with the aforementioned conditions of release. The government requests the right to move this Court for detention if the defendant ceases his cooperation with the government or fails to comply with any of the conditions of his release. The government has been in contact with Randi Chavis, counsel for the defendant, who consents to this request.

Conclusion

For the reasons set forth above, the government respectfully requests that the Court enter the enclosed orders, file this letter under seal, substitute the name "John Doe" for the defendant's name on the docket sheet, Court calendars and all documents not filed under seal, direct the BOP to substitute the name "John Doe" for the defendant's name in BOP inmate records, including the BOP inmate locator website database and grant the requested bail application. Counsel for the defendant, Randi Chavis Esq., joins in this letter and all motions and applications contained herein.

Very truly yours,

LORETTA E. LYNCH
United States Attorney

By: /s/Michael P. Canty
Michael P. Canty
Assistant U.S. Attorney
(718) 254-6490